UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-318-H

DAVID KITTLE                                                    PLAINTIFF

V.

FIRST REPUBLIC MORTGAGE CORPORATION                   DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, David Kittle, has moved to remand on the grounds that the complaint does not assert damages in excess of $75,000.  Defendant opposes the motion.

Plaintiff first argues that Defendant cannot show to a legal certainty that the amount at issue exceeds $75,000.  The standard for determining the issue of the amount in controversy has itself generated considerable debate.  *Gafford v. General Electric Co.*, 997 F.2d 150, 156-160 (6th Cir. 1993).  In *Gafford*, however, the Sixth Circuit has firmly resolved the issue for our purposes.  *Id.*; *also see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  Consequently, this Court will determine whether the statutory requirements are met based on a preponderance of the evidence.  *Id.*  The Court may consider both compensatory and punitive damages together in determining the amount in controversy.

This particular claim is one for personal injury.  Plaintiff charges Defendant with "knowing, deliberate, malicious, and wanton" intrusion upon his personal solitude.  On its face, the complaint alleges a serious invasion of personal privacy and demands compensatory and punitive damages as a consequence.  Prior to the filing of the complaint, Plaintiff made separate

settlement demands of $100,000 and $65,000.  Plaintiff has not taken any steps to clarify the amount of damages requested by stipulation or other means.  *See Egan v. Premiere Scales & Systems*, 237 F.Supp.2d 774 (W.D. Ky. 2002).

Complaints for invasion of property, particularly those that allege deliberate actions on the part of a corporation, can produce quite large punitive awards even where the compensatory damages are relatively small.  Defendant has only limited means of determining the precise value of a claim.  Plaintiff has made serious allegations and from outward appearances appears not to be limiting himself to damages below the statutory minimum.  Plaintiff's settlement demands prior to filing the lawsuit reflects some of that reality.  From all the available evidence, it is entirely reasonable for Defendant to believe that the amount at issue exceeds $75,000.  For all these reasons, the Court concludes that a preponderance of evidence establishes that the complaint seeks an amount in excess of $75,000.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

cc:     Counsel of Record

2